IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANDALL TODD RUTHERFORD      *
     *
     v.      *      **Civil Case No. CCB-13-1978**
     *
COMMISSIONER, SOCIAL SECURITY      *
     *

**************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' dispositive cross-motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and Mr. Rutherford's reply. ECF Nos. 13, 15, 16. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that the Commissioner's motion be granted and that Mr. Rutherford's motion be denied.

Mr. Rutherford applied for Disability Insurance Benefits on May 28, 2010, alleging a disability onset date of April 5, 2009. (Tr. 123-31). His claim was denied initially on July 27, 2010, and on reconsideration on February 25, 2011. (Tr. 83-85, 88-89). An Administrative Law Judge ("ALJ") held a hearing on March 1, 2012, (Tr. 25-79), and subsequently denied benefits to Mr. Rutherford in a written opinion, (Tr. 16-24). The Appeals Council declined review, (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Mr. Rutherford suffered from the severe impairments of partial bowel obstruction and degenerative disc disease of the lumbar spine. (Tr. 18). Despite these

impairments, the ALJ concluded that Mr. Rutherford retained the residual functional capacity

("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), with the following
> additional limitations. The claimant is able to sit or stand for a total of eight hours
> in an eight hour workday, but he requires the option to alternate between sitting
> and standing at-will.  Additionally, the claimant cannot engage in prolonged
> balancing, stair climbing, or stooping; he must have ready access to a bathroom;
> and he must avoid all exposure to odors, gasses, dusts, and fumes.  Due to his
> chronic pain and side effects of his medications, the claimant is limited to simple,
> unskilled work involving only low-stress tasks and one to two step instructions.
> Further, the claimant cannot engage in production rate jobs; he cannot engage in
> decision-making; and he cannot adjust to changes in the work setting or make
> judgments when performing work.

(Tr. 19).  After considering testimony from a vocational expert ("VE"), the ALJ determined that

Mr. Rutherford could perform jobs existing in significant numbers in the national economy, and

that he was not therefore disabled.  (Tr. 22-23).

Mr. Rutherford disagrees.  He asserts several arguments in support of his appeal:  (1) that

the ALJ erred in assigning weight to the opinions of consultative examiner Dr. Michael Kennedy

and the state agency physicians, all of whom concluded that Mr. Rutherford could perform only

sedentary work; (2) that the hypothetical question posed to the VE failed to account for Mr.

Rutherford's use of a cane; and (3) that the ALJ's finding that Mr. Rutherford could perform the

sedentary jobs of surveillance-system monitor and addresser was not supported by substantial

evidence.  Each argument lacks merit.

Mr. Rutherford first argues that the ALJ lacked sufficient medical support for the RFC

assessment of a limited range of light work, because the consultative examiner, Dr. Kennedy,

and both state agency physicians opined that Mr. Rutherford was capable only of sedentary

work.  Pl. Mot. 10-18.  Even assuming that Mr. Rutherford's argument is valid and that the ALJ

should have assigned more weight to those opinions, the ALJ's error would be harmless.  Neither

Dr. Kennedy nor the state agency physicians opined that Mr. Rutherford would be unable to

sustain sedentary employment.  *See* (Tr. 338-60).  The VE specifically listed, and the ALJ specifically found, two sedentary jobs that Mr. Rutherford could perform within the RFC assessment.  (Tr. 23, 75).  Further, if Mr. Rutherford were to be found capable of only sedentary work, the Medical-Vocational Guidelines ("the Grids") direct a finding of not disabled.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 §  201.21.  While the record also contains substantial evidence to support the ALJ's light RFC assessment, *see, e.g.* (Tr. 224-38) (ongoing treatment records showing back pain well-controlled by Percocet), even if a sedentary RFC assessment were more appropriate, Mr. Rutherford would still not be disabled because there were sedentary jobs that he could perform.

Mr. Rutherford next contends that the hypothetical posed to the VE should have included use of a cane.  Pl. Mot. 18-21.  However, Mr. Rutherford proffers no evidence to establish that the cane was either medically necessary or even prescribed by a medical source.  Moreover, the ALJ's RFC assessment specifically mandated "the option to alternate between sitting and standing at-will." (Tr. 19).  Because, as the VE testified, all of the positions listed are "posturally immaterial[,]" (Tr. 77), Mr. Rutherford could perform the work in a sitting position, and use of a cane would not affect his ability to sustain the jobs.

Finally, Mr. Rutherford argues that the two sedentary jobs identified by the VE, surveillance system monitor and addresser, "likely" involve decision-making or judgments.  Pl. Mot. 21-22.  Mr. Rutherford offers no authority for his interpretation of the job descriptions. However, the ALJ appropriately relied upon the testimony of the VE, who testified that both jobs would be appropriate for a claimant requiring "no decision-making or changes in the work setting.  Or judgment to perform the work." (Tr. 74-76).  The VE testimony supplies substantial evidence to support the ALJ's conclusion, and remand is therefore inappropriate.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1.      the Court GRANT Defendant's Motion for Summary Judgment (ECF No. 15); and

2.      the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 13) and CLOSE this case.

 Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Dated:  July 21, 2014                                    _____/s/_____
                                                         Stephanie A. Gallagher
                                                         United States Magistrate Judge